IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATSON & ISOM TECHNOLOGY CONSULTING,

     Plaintiff,

vs.

DELL INC.,

     Defendant.

No. CIV S-08-0683 MCE EFB

This case was before the undersigned on August 13, 2008, for hearing on plaintiff's motion to conduct expedited discovery. Douglas Harvey appeared as plaintiff's counsel, and Brandon Wisoff appeared as defense counsel.[1] As set forth below, the motion is granted in part, and denied in part.

**I. BACKGROUND**

In brief, this action concerns plaintiff's claims that Dell infringed its federally-registered trademark, "ProSupport." Plaintiff also alleges a claim for false designation of origin in violation of the Lanham Act, and state law unfair competition claims.

////

---

[1] Dell's counsel, Stephen P. Meleen, whose *pro hac vice* application was pending at the time of the hearing, was also at the hearing.

1

Plaintiff, Matson & Isom Technology Consulting ("MITC"), is a company based in Chico, California that offers technology consulting and maintenance services, and also resells servers, work stations, and laptop computers, including those manufactured by Dell.  Plaintiff has offered its technology consulting and maintenance services under the "ProSupport" service mark since 2002.  The mark was federally registered on December 19, 2006.

In February 2008, MITC learned that Dell had begun using the term "ProSupport" in connection with technology consulting services.  On February 11, MITC wrote to Dell regarding its use of the "ProSupport" mark, and soon thereafter sent it a cease and desist letter through counsel.  *See* Declaration of James Umenhofer in Support of Plaintiff's *Ex Parte* Motion for Expedited Discovery ("Umenhofer Decl."), Exh. D.  Dell, through counsel, replied to the letter on February 12.  *See* Declaration of Stephen P. Meleen in Support of Defendant ("Meleen Decl."), Exh. A.  In that letter, Mr. Meleen acknowledged Dell's awareness of plaintiff's registered trademark, challenged the strength of the mark, and maintained that Dell had the right to use the mark in a descriptive manner.  *Id.*

A month passed before plaintiff's counsel replied to Mr. Meleen's February 12, letter.  *See* Exh. B to Meleen Decl.  Plaintiff's March 14, letter is notable, not only for the one-month delay in sending it, but also for the cogent and supported arguments regarding plaintiff's claim for infringement.  In the letter, plaintiff's counsel elaborated upon the facts of this case in the context of the eight factors used by the Ninth Circuit in determining the "likelihood of confusion" prong of the trademark infringement analysis.  *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) (to establish trademark infringement, plaintiff must show ownership of a valid mark, and likelihood of confusion).[2]

---

[2] Likelihood of confusion is the "core element of trademark infringement." *Playboy Enters. v. Netscape Commc'n Corp.*, 354 F.3d 1020, 1024 (9th Cir. 2004).  The eight *Sleekcraft* factors used to determine likelihood of confusion are: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7)

Indeed, in the letter, MITC counsel claims already to have in its possession evidence of actual confusion by MITC's customers, one factor that weighs in MITC's favor in the context of a motion for preliminary injunction.

On March 21, Dell responded via electronic mail and continued to challenge MITC's assertion of exclusive rights in the "ProSupport" mark, citing numerous uses of the mark by other companies. *See* Exh. C to Meleen Decl.

On March 31, 2008, MITC filed its complaint, but did not serve it. After the complaint was filed, the parties began settlement negotiations. The parties continued settlement discussions until late June, and on June 26, 2008, Dell withdrew a pending settlement offer. *See* Meleen Decl., Exh. F. On that same date, Dell finalized its acquisition of common law rights in a service mark used by a Colorado Springs company, Voelker Research Interests, Inc. *See id.*, Exh. D. Voelker's "ProSupport" mark was not federally registered, but was in use prior to MITC's first use in 2002. *See id.*

More than a week passed before MITC responded to this development. *See* Meleen Decl., ¶ 10. The parties spoke on July 8, and on July 24, MITC finally served the complaint after Dell's counsel agreed to accept service on Dell's behalf. *See* Meleen Decl., ¶¶ 10-12. On August 4, when MITC filed its motion to expedite discovery (and its application to have it heard on shortened time), defendant had not yet appeared, as its answer was not due until August 15. The Rule 26(f) conference has not yet occurred, and it appears that the joint status report regarding scheduling and other matters is not due until September 22, 2008. *See* April 1, 2008, Order Requiring Joint Status Report (doc. no. 4).

////

////

---

defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)).

## II. STANDARD

Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d).

Courts apply a "good cause" standard in considering motions to expedite discovery. *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where *the need for expedited discovery*, in consideration of the administration of justice, *outweighs the prejudice to the responding party*." *Id*. (emphasis added).

## III. DISCUSSION

MITC claims it needs expedited discovery in order to move for a preliminary injunction on the issue of infringement. It proposes serving fifteen requests for production of documents, eleven interrogatories, and conducting three depositions. *See* Exhs. A-B to Plaintiff's *Ex Parte Motion for Expedited Discovery* ("Pl.'s Mot."). In its supporting brief, MITC explains that it believes this discovery will "give the court a complete picture of Dell's actions here, and [will demonstrate] the egregiousness of Dell's misconduct. . . ." *See* Pl.'s Mot., 2:7-9. MITC "strongly suspects" that the discovery "will confirm that Dell knowingly and willfully misappropriated MITC's mark, assuming it could use its enormous financial resources to 'roll over' MITC." *Id.*, 4:20-25. Indeed, most of the proposed discovery is aimed at uncovering Dell's intent in selecting the mark.

While defendant's intent in selecting the mark is one factor in the eight-factor likelihood of confusion test, MITC conceded in its brief that evidence of "wrongful intent is not required to establish trademark infringement, or to justify the issuance of a preliminary injunction." Pl.'s Mot., 6:6-8. In light of this concession, the delay in prosecuting this action, and the apparent ability of MITC to address the issues necessary for a preliminary injunction without additional discovery, the court finds no "good cause" to accelerate discovery. From the time MITC learned of Dell's use of the mark to the time it served the complaint, more than five months passed. The

4

court recognizes that nearly three of these five months were spent in settlement negotiations. However, the one-month delay in responding to Dell's initial letter defending its use of "ProSupport," together with the nearly one-month delay in serving the complaint after Dell's withdrawal from the settlement talks belies the sense of urgency underlying MITC's present motion. Further, based on the submitted papers, MITC appears quite able to present a motion for a preliminary injunction with the information already in its possession. *See* Exh. B to Meleen Decl.

However, in light of the "need" versus "hardship" balancing test, *Semitool*, 208 F.R.D. at 276, and defendant's representations at the hearing that responding to proposed interrogatories nos. 4-6, 9, and requests for production nos. 14 and 15, would impose "no" burden, the court orders defendant to respond to that discovery by no later than September 2, 2008. Consistent with the foregoing, plaintiff's motion is denied in part, and granted in part.

SO ORDERED.

DATED: August 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE